```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

BANK OF AMERICA, N.A.,         :   NO:  1:10-CV-00097
                               :
        Plaintiff,             :
                               :
     v.                        :   **OPINION AND ORDER**
                               :
NORTHWOOD SHOPPES TWO, L.L.C.,:
et al.,                        :
                               :
        Defendants.            :

This matter is before the Court on the Receiver's Motion for Authorization to Sell Real Estate and Approval of Sale (doc. 45), the Motion of National Development Partners LLC ("NDP") to Intervene (doc. 46), the Objection of National Development Partners, LLC to Receiver's Motion for Authorization to Sell Real Estate and For Approval of Sale (doc. 47), Plaintiff's Response in Opposition to NDP's Motion to Intervene (doc. 48), and NDP's Reply (doc. 50).  For the reasons indicated herein, the Court GRANTS Receiver's motion and DENIES that of NDP to intervene.

Per this Court's March 24, 2010 Order, the Receiver in this matter, Towne Development Group, Ltd, was authorized to sell Defendants' assets with approval of the Court (doc. 45). At issue before the Court is Receiver's proposal to sell the Montgomery Place property, Auditor's Tax Parcel 603-4-8 in Hamilton County, Ohio (Id.). Receiver has obtained three appraisals of the Montgomery Place property and proposes a sale of such property to

a third party for $1,250,000.00 (Id.).

National Development Partners, LLC ("NDP") holds a preferred membership interest in Defendant Montgomery Place pursuant to a 2005 Purchase Agreement (doc. 46). NDP seeks to intervene in this matter (doc. 46), and opposes the sale (doc. 47). In NDP's view, the sale is contrary to the Court's previous Order and Ohio law (Id.).

Plaintiff opposes NDP's motion to intervene (doc. 48). Plaintiff contends NDP solely desires to intervene so as to delay Plaintiff's efforts to collect on the matured and defaulted loan, and has attempted to extract a $100,000.00 payment from Plaintiff in exchange for not interfering with the sale (doc. 48). Plaintiff contends NDP has no real legal interest in the Montgomery Place property (Id.). Plaintiff states NDP owns a limited liability company membership interest in Montgomery Place, and Montgomery Place owns the property (Id.). Plaintiff argues NDP's legal interest is in the LLC and not in the property, and that Ohio law is clear that a shareholder has no legal interest in the assets owned by the company (Id. citing FirstMerit Bank, N.A. v. Washington Square Enterprises, et al., No. 88798, 2007 Ohio App. LEXIS 3561 *15 (August 2, 2007)). NDP replies that the Court should construe its interest in the LLC liberally and allow intervention, and that its settlement discussions with Plaintiff should not be framed as nefarious or improper (doc. 50).

2

Having reviewed this matter, the Court finds Plaintiff's position well-taken that NDP lacks any real legal interest in the subject property that could justify intervention. Under the Federal Rules of Civil Procedure, an outsider to a lawsuit may intervene as of right when the outsider "claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may . . . impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a). The only potential interest that NDP has here is an indirect economic interest in any surplus equity remaining from the sale of the property after payment to all lienholders and creditors. Because the value of the property as determined by three independent appraisals, is at least $1,150,000.00 less than the amount owed to Plaintiff in connection with the mortgage, there is no equity available to inure to the benefit of NDP. Plaintiff correctly states that NDP has not even alleged the appraisals are wrong or that the sale price is too low. Under these circumstances, the Court finds that intervention would only delay the sale of the property and the resolution of this matter. Accordingly, the Court DENIES the Motion of National Development Partners LLC ("NDP") to Intervene (doc. 46), GRANTS Receiver's Motion for Authorization to Sell Real Estate and Approval of Sale

(doc. 45), and APPROVES the sale of the Montgomery Place property for $1,250,000.00.

       SO ORDERED.

Dated: May 18, 2011         /s/ S. Arthur Spiegel
                                    S. Arthur Spiegel
                                    United States Senior District Judge